IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HOSEA L. KENDRICK                                                                                    PLAINTIFF

v.                                         Civil No. 4:17-cv-04090

PRESTON GLEN, Jail Administrator
Nevada County, Arkansas; and
KRISTAIN EVANS, Jailer, Nevada
County, Arkansas                                                                                     DEFENDANT

## ORDER

This is a civil rights action filed *pro se* by Plaintiff, Hosea L. Kendrick, under 42 U.S.C. § 1983. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 22). Before the Court is Plaintiff's failure to keep the Court informed of his address and failure to prosecute this case.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on October 10, 2017, in the Eastern District of Arkansas. (ECF No. 1). On October 13, 2017, the case was transferred to the Western District, Texarkana Division. (ECF No. 3). Plaintiff was ordered to inform the Court of any change of address on October 16, 2017, and that failure to do so "may result in the dismissal of this case." (ECF No. 5). Defendants filed a Motion for Summary Judgment on May 7, 2018. (ECF No. 26). The following day, the Court entered an order directing Plaintiff to file a response to Defendants' motion on or before May 29, 2018. (ECF No. 29). Plaintiff was advised in this order that failure to respond by the Court's imposed deadline would subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). On May 21, 2018, the Order was returned to the Court as undeliverable with no forwarding address available. (ECF No. 31).

1

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this **6th day of June 2018**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE